UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DREGER, et al.,

    Plaintiffs,

                                                                     Case No. 10-12725
-vs-                                                     HON. AVERN COHN

NAGY READY MIX, et al.

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**I.  INTRODUCTION**

This is a labor dispute under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, alleging breach of a collective bargaining agreement (CBA) and violation of duty of fair representation against originally named defendants Nagy Ready Mix, Inc. (Nagy), Paragon Ready Mix, Inc. (Paragon), International Brotherhood of Teamsters Local 247 (Local) (collectively, defendants), and International Brotherhood of Teamsters (IBT).  Plaintiffs Dreger, Vogel, Peters, Pyne, Hay, Lertola, Denis, and Burnsworth (collectively, plaintiffs) are former employees of Nagy.  Defendants generally are parties involved in a shutdown of Nagy and subsequent incorporation of Paragon: events which led to the present action.

On July 9, 2010, plaintiffs filed a complaint alleging breach of the CBA between Nagy and Local, of which plaintiffs were members, and violation of duty of fair representation by Local.  (Doc. 1).  On August 2, 2010, Nagy and Paragon moved for

dismissal or summary judgment.[1] (Doc. 15). At an October 4, 2010, hearing on the motion, the Court granted plaintiffs' request to amend the complaint. On October 11, 2010, plaintiffs filed a first amended complaint, (Doc. 30), and defendants filed timely answers. (Docs. 34, 35). On November 15, 2010, plaintiffs and IBT reached a settlement and IBT was dismissed from the case without prejudice. (Doc. 36).

Now before the Court is defendants' motion to dismiss.[2] Defendants say that plaintiffs' complaint is time-barred because it was filed outside of the statute of limitations period. Plaintiffs say that the claim is not time-barred because they did not have notice of union final action until March, 2010, which puts them within the limitations period. Alternatively, plaintiffs say that because this case involves defendants' complete repudiation of the CBA, the six month statute of limitations does not apply.

For the reasons that follow, defendants' motion will be denied.

## II. BACKGROUND

In November, 2009, Paragon filed articles of incorporation for a new ready mix concrete corporation. In December, 2009, Nagy shut down its operations and gave permanent layoff notices to its employees, including plaintiffs. (Doc. 20-2). Also in December, 2009, while on-site at Nagy to turn in their uniforms and equipment, the laid off Nagy employees received applications from Trillium, a temporary hiring service, to work for

---

[1]Because the Court will not go beyond the pleadings, it treats the present motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

[2]Local did not join Nagy and Paragon's motion, nor did Local submit a brief in support of the motion. However, because Local remains a named party to the action, the Court will address Nagy, Paragon, and Local together as defendants for the purpose of this memorandum and order.

Paragon. On January 4, 2010, Paragon began operating at the former Nagy site and using Nagy equipment. On January 6, 2010, eight former Nagy employees began working as drivers for Paragon. On January 11, 2010, plaintiff Mark Dreger filed a grievance with Local on grounds that Nagy created Paragon as an alter ego corporation and asking Local to "reverse the decision to set up alter ego company." (Doc. 20-12).

On February 3, 2010, Local Vice President Thomas Ziembovic (Ziembovic) communicated Local's position on the Nagy-Paragon situation to Local attorney Robert Buzaitis (Buzaitis). By letter, Ziembovic stated, "[i]t is the Local Union's position that the charge filed is premature" because "a labor agreement may be reached with Paragon Ready Mix, Inc." (Doc. 20-6). Ziembovic concluded by stating that the Local "d[id] not support the charge at this time." (Id.).

In March, 2010, Ziembovic called a Local membership meeting at which plaintiffs say Ziembovic told members that they had to vote on terminating the Nagy contract that evening, in order for a new contract with Paragon to be reached. Plaintiffs say that members moved to table the vote because they had not received proper notice. However, according to plaintiffs, Ziembovic ignored the motions and proceeded with the vote, which passed by a majority.

On March 26, 2010, Paragon sent probationary employment offers to plaintiffs. (Doc. 20-9). On March 29, 2010, Ziembovic provided an update to Buzaitis on the Local's position, that Local members had voted "not to pursue the 'alter ego' argument and to attempt to obtain a labor agreement with Paragon Ready Mix Company." (Doc. 20-8). On April 14, 2010, a collective bargaining agreement was reached between Local and Paragon. (Doc. 23-6).

### III.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007); see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007).

### IV.  DISCUSSION

#### A. Section 301 Hybrid Claim

I.

"A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer."  Garrish v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am., 417 F.3d 590, 594 (6th Cir.2005).  "Under § 301, jurisdiction exists when a union member alleges a breach of a collective bargaining agreement." Vencl v. Int'l Union of Operating Eng'rs, Local 18, 137 F.3d 420, 424 (6th Cir. 1998) (citing 29 U.S.C. § 185(a)).

"To recover against a union under § 301, the union member must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation." Garrish, 417 F.3d at 594 (citations omitted).  "If both prongs are not satisfied, [p]laintiffs cannot succeed against any [d]efendant."  Id. (citations omitted).

4

II.

Here, plaintiffs' first amended complaint is in three counts: (I) breach of contract, (II) violation of CBA, and (III) violation of duty of fair representation.  Plaintiffs generally claim that Nagy and Paragon, as employers, breached the CBA by failing to provide plaintiff benefits as agreed to under the CBA, by ceasing operation of Nagy and creating Paragon as an alter ego corporation, and for Nagy's failure to notify Paragon about plaintiffs' agreement with Local.  Plaintiffs further claim that Local breached the CBA in the way that it orchestrated and fraudulently induced the vote to terminate the Nagy contract.  Finally, plaintiffs claim that Local violated its duty of fair representation because it did not represent plaintiffs' interests as follows: in December, 2010, when it allowed Trillium to distribute applications on-site; in January and February, 2010, when it attempted to force negotiations on a new CBA with Paragon and avoided addressing grievances related to the alter ego charge; and in March, 2010, when it induced a membership vote to terminate the Nagy contract and continue negotiations on a new Paragon contract.

As described, plaintiffs have pled breach of CBA and duty of fair representation claims with particularity.  Thus, as an initial matter, plaintiffs have met the requisite burden to survive defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### B. Statute of Limitations

I.

Despite plaintiffs' complaint, defendants argue that it was filed outside of the statute of limitations period and should be dismissed.  Particularly, a six-month statute of limitations applies to a hybrid § 301 action.  Garrish, 417 F.3d at 594; see also Martin v. Lake County Sewer Co., 269 F.3d 673, 677 (6th Cir.2001) (citing DelCostello v. Int'l Bd. of Teamsters,

462 U.S. 151, 169 (1983)). "Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." Garrish, 417 F.3d at 594 (citations omitted).

Due to the separate causes of action against both the employer and union in a hybrid § 301/fair representation claim, "the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action or should have known of the employer's final action, whichever occurs later." Robinson v. Central Brass Mfg. Co., 987 F.2d 1235, 1239 (6th Cir. 1993). That is, plaintiffs are "not required to sue on a hybrid claim until . . . [they] reasonably should know that the union has abandoned [their] claim." Garrish, 417 F.3d at 594 (citations omitted).

II.

Plaintiffs filed their original complaint on July 9, 2010. Six months before the complaint date is January 9, 2010. Thus, if plaintiffs knew or should have known of the union's or employer's final action before January 9, 2010, their claim is untimely. Robinson, supra. As stated above, timeliness is measured from whichever action occurs later, the employer's or union's. Id.

Here, defendants argue that plaintiffs became aware of the CBA breach on January 6, 2010 – outside of the limitations period – when Paragon trucks began operating at the Nagy yard and eight former Nagy employees were working for Paragon. Plaintiffs assert that they did not know of Local's final action until March, 2010 – within the limitations period – when the vote to terminate the Nagy contract passed, the Local communicated its position not to support the alter ego charge, and plaintiffs received Paragon employment offers. Plaintiffs are correct.

Under Robinson and Garrish, supra, plaintiffs were not required to file a complaint until they knew that Local had "abandoned [their] claim." In March, 2010, as plaintiffs assert, Local's final action was clear. Thus, because March is within the six month statute of limitations period, plaintiffs' complaint was timely filed.

III.

Finally, relying on a Tenth Circuit case, Garcia v. Eidal Int'l Corp., 808 F.2d 717 (10th Cir. 1986), plaintiffs argue that even if the Court finds that their complaint was filed outside of the statute of limitations period their case should not be dismissed as untimely because defendants repudiated all CBA obligations, a set of facts to which plaintiffs say the six month period set forth in DelCostello, supra, does not extend. Plaintiffs' argument has merit. However, because the Court finds that the original complaint was timely filed, the argument need not be further analyzed.

## V.  CONCLUSION

For the reasons stated above, defendants' motion is DENIED. The Court will schedule a status conference to chart the future of the case consistent with this opinion.

SO ORDERED.


Dated: January 3, 2011          S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 3, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160