UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DREGER, ROBERT VOGEL,
CARL PETERS, ALLAN PYNE,
SCOTT HAY, BRYAN LERTOLA,
DARRIN DENIS and
AARON BURNSWORTH,

    Plaintiffs,

-vs-

Case No. 10-12725
HON. AVERN COHN

NAGY READY MIX, INC., PARAGON
READY MIX, INC., INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
LOCAL NO. 247 and the INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER OR AMEND TAXED BILL OF COSTS (Doc. 63)I.

I.

Tis is a labor dispute case. The history of the case is reflected in the Memorandum And Order Denying Defendants' Motion to Dismiss (Doc. 37); Order Denying Motion To Strike (Doc. 53); and the Memorandum and Order Granting Defendants' Motion For Summary Judgment (Doc. 58). After summary judgment was entered in favor of defendants, defendant International Brotherhood of Teamsters, Local No. 247 ("Local 247") filed a Bill of Costs (Doc. 61), requesting $5,498.46 for Court Reporter Fees. Costs were denied by the Clerk because "the Bill of Costs does not specify how the deposition transcripts were used." (Doc. 62).

In response, Local 247 filed a Motion styled "Teamsters Local 247's Motion for Reconsideration of Denial of Taxation of Costs or in the Alternative to Amend Bill of Costs" (Doc. 63), together with the Affidavit of Nathan Eisenberg (Doc. 64), and a Bill of Costs (Doc. 65). The motion is DENIED. The reasons follow.

II.

Rule 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). However, a district court "may disallow such an award at its discretion." Huntsville Golf Development, Inc. v. Brindley Const. Co., Inc., No. 1–08–00006, 2011 WL 4960421, *2 (M.D. Tenn. Oct. 18, 2011) (citing Knology v. Insight Communications Co. LP, 460 F.3d 722, 726 (6th Cir. 2006). "Circumstances in which the Sixth Circuit has found the denial of costs proper include "cases that are 'close and difficult.' " Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F. Supp. 665, 670 (W.D. Mich. 1991) (quoting White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)). The legal issue in dispute in this case was close and difficult. Therefore, costs will not be awarded.

SO ORDERED.

Dated: November 2, 2011         S/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 2, 2011, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5160